Kennedy *vs.* Geddes & Co.

---

### KENNEDY *VS.* GEDDES & CO.

1. A promise in writing to accept a bill of exchange not in *esse*, is, in law, a sufficient acceptance, if the bill be taken on the faith of such promise.

2. A collateral, *written*, or a mere verbal promise to accept a bill, made after it is drawn, may also amount to an acceptance.

3. But a mere verbal promise to accept a bill of exchange, not yet drawn, is not such an acceptance, as will in law bind the acceptor, even if made to the person in whose favor the bill is drawn.

4. The non-suits, (two of which equal a verdict,) embraced in the statute of eighteen hundred and seven, (Aik. Dig. 283, s. 135,) must be such as continue to the end of the term.

5. Thus,—two non-suits, taken in a cause, at different terms, each of which is set aside before the end of the term, are not equal to a verdict.

Error to the County court of Mobile.

Assumpsit on a bill of exchange. The cause of action, in this case, was a bill of exchange, orally accepted by defendant. Also, for damages sustained by plaintiffs, by reason of a breach of contract by defendant, in refusing to accept a draft, after having promised and undertaken to accept the same.

The record showed, that at February term, eighteen hundred and thirty-six, a non-suit was taken, after a jury sworn, and a new trial granted.

At the February term, eighteen hundred and thirty-seven, after a jury came, &c. a non-suit was again taken, which was set aside.

On the trial, plaintiffs proved, that defendant, sometime between the first of January and fifteenth of March, eighteen hundred and thirty-four, agreed to accept a bill, to be drawn on him by one Carpenter, who was credited by Geddes, on condition of the acceptance by defendant of his bill.   Plaintiffs asked defendant to state distinctly, whether he would accept, for goods to be sold to Carpenter, to which defendant answered, that he would so accept.   A draft was drawn on defendant, by Carpenter, in favor of plaintiffs, for goods sold to Carpenter, after said agreement, and in pursuance of it.   The date of the bill was the fifteenth of March, eighteen hundred and thirty-four, in pursuance of the agreement aforesaid, and the amount, including interest, was four hundred and forty-nine dollars, and sixty cents, payable four months after date.   The bill was presented by witness to defendant for acceptance, and defendant desired witness to leave the bill, and call in a day or two: when witness called, defendant declined accepting the bill. The bill was presented within one week after it was drawn.   Defendant also subsequently in a conversation with witness, admitted he was bound for the bill, but said he would never accept or pay it.

Plaintiffs also proved that they had served on defendants counsel, a notice to produce the bill on the trial.

Kennedy vs. Geddes & Co.

Defendant offered no evidence, but requested the court on this evidence, to instruct the jury, that the plaintiffs could not recover in this action, without producing to the jury the bill declared on, which the court declined. Defendant further requested the court to instruct the jury, that the evidence produced, was not sufficient to maintain the action, as declared on by plaintiffs, but the court declined so to instruct, and instructed the jury, that if they believed, the bill was made and drawn on the agreement mentioned by the witness, and that defendant had agreed to accept such a bill, although before it was drawn, and if the bill was within the terms of the agreement, and they believed it to be in the possession of the defendant, that although not produced, notice having been given to the defendant to produce it, and although not accepted—still defendant might recover in this action. To which refusals to charge, and charges given, defendant excepted.

Plaintiff in error assigned:

1. The court erred in overruling the motion to enter judgment for the defendant below, because of two non-suits having been suffered by plaintiff below.

2. There did not appear to have been any declaration filed by the plaintiff below.

3. The court erred in refusing to charge that the plaintiff below could not recover, without the production of the bill of exchange.

4. The court erred in refusing to charge as required by the defendant below, that the evidence produced by the plaintiff below, was not sufficient to maintain the action.

8 P. 34

5. The court erred in the charge which it gave to the jury.

*Thornton*, for plaintiff in error.
*Dunn*, contra.

ORMOND, J.—The view we take of this case, renders it ~~un~~necessary to consider but two of the points raised in the cause.

There was no error in the refusal of the court to enter judgment for the defendant in the court below, on the ground, that the plaintiff below had suffered two non-suits. The non-suit spoken of in the statute, is one which continues to the end of the term, as is manifest not only from the statute, but from the reason of the thing.

"No more than two new trials shall be granted in the same cause; and two non-suits shall be considered equal to a verdict against the party suffering the same." Thus, we see that a non-suit is put in juxta-position to a verdict, and the evil intended to be remedied, was the vexation of numberless suits for the same cause of action.

The remaining question is, whether in law there was an acceptance of the bill of exchange, which is here attempted to be enforced. The evidence is, that the plaintiff had previously accepted and paid two bills of exchange, drawn by one Carpenter, in favor of the defendants in error, for provisions furnished Carpenter. That before the bill in question was drawn, the defendants enquired of the plaintiff whether he would accept any further for goods to be sold to Carpenter; that defendant

said he would accept. The goods were accordingly furnished to Carpenter, and the bill drawn: when it was presented for acceptance, the plaintiff in error retained the bill—said he would call on the defendants in a day or two, but declined accepting at that time.

Whether a verbal promise to accept a bill not in *esse*, will, in law, amount to an acceptance, is now, for the first time, presented to this court; and, in a country so highly commercial as ours, is a question of the utmost importance.

In the case of Pillans vs. Van Mierop, (3 Burrows' Rep. 1663,) it was for the first time held, that a promise by the defendant, in writing, to accept such a bill as the plaintiff should in about a month's time draw upon the credit of a third person, amounted to an acceptance of the bill. This decision was afterwards qualified by Lord Mansfield, in the cases of Pierson vs. Dunlop, (Cowper, 573,) and Mason vs. Hunt, (Douglass' Rep. 296,) by making the right of recovery to depend on the fact, whether the bill was taken on the faith of the promise to accept. To the same effect are the cases of Clarke vs. Cock, (4 East, 60,) and Wynne vs. Raikes, (5 East, 514,) but even with this exception, Lord Kenyon, in the case of Johnson vs. Collings, (1 East, 98,) considered that it was carrying the doctrine of implied acceptances to the utmost verge of the law.

In the United States, the doctrine on this interesting subject, appears to stand on the same footing with the latter English decisions. In Coolidge vs. Payson, (2 Wheat. 6?,) Chief Justice Marshall thus states the law: "Upon a view of the cases which are reported, this court

is of the opinion, that a letter written within a reasonable time before or after the date of a bill of exchange, describing it in terms not to be mistaken, and promising to accept it, is, if shown to the person who afterwards takes the bill on the credit of the letter a virtual acceptance, binding the person who makes the promise."

So, in the case of McEvers vs. Mason, Hodgson & Co., (10 Johns. R. 207,) it was held, that a promise in writing to accept a bill of exchange, will not, in law, amount to an acceptance, unless the bill was taken on the faith of such promise—(See also Goodrich & De Forest vs. Gordon, 15 Johns. Rep. 6 ; Schimmelpennich vs. Bayard, 1 Peters' R. 283 ; Mayhew vs. Prince, 11 Mass. R. 54 ; Banorgee vs. Hovey, 5 Mass. R. 11 ; Parker vs. Greele, 2 Wendell's R. 545.)

It appears very clearly from the cases cited, that it is now well settled, both in England and the United States, that a promise in writing to accept a bill of exchange not in *esse*, will be in law an acceptance, if the bill be taken on the faith of such promise. It seems equally certain, that a collateral, written, or a mere verbal promise to accept a bill, made after the bill is drawn, may amount to an acceptance. But will a mere verbal promise to accept a bill not yet drawn, be an acceptance of the bill after it is drawn, even if, as in this case, it is made to the person in whose favor the bill is to be drawn?

Waiving, for the present, the consideration of the question, that, in this case, there was no promise to accept for any precise sum, and also waiving the influence which the statute of frauds might exert over it, as being

a promise, not in writing, to "answer for the debt, default or miscarriage of another person," we know of no case in which it has been determined that a promise to accept, under such circumstances as the present, has been held to be an acceptance of the bill when drawn.

It is perhaps to be regretted, that any acceptance, other than one written on the bill, should ever have been received as valid; at all events, we do not feel authorised to go beyond the clear and precise rule laid down by Chief Justice Marshall, before cited from 2 Wheaton.

In this case, not only was the promise not in writing, but it was uncertain for what amount the bill was to be drawn, when it was to be drawn, and when payable; the court, therefore, erred in not rejecting the evidence.

As the cause must be remanded, no notice is necessary to be taken of the assignment that there is no declaration, as the defect can be supplied before another trial.

Let the judgment be reversed, and the cause remanded.